UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BETTA MOMENTS,

                           Plaintiff,

  v.                                                      9:25-CV-0635
                                                                     (BKS/ML)

CORRECTIONS OFFICER
JOHN DOE, et al.,

                         Defendants.
_____

APPEARANCES:

BETTA MOMENTS
Plaintiff, pro se

BRENDA K. SANNES
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Plaintiff Betta Moments commenced this action by filing a pro se complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 8 ("IFP Application"). By Decision and Order entered on July 28, 2025, this Court granted plaintiff's IFP Application, reviewed the complaint for sufficiency in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed certain claims, and found that plaintiff's Eighth Amendment claim against defendant Corrections Officer John Doe survived sua sponte review. Dkt. No. 12 ("July 2025 Order"). Because plaintiff was not able to identify the "Doe" defendant with sufficient clarity to

1

effect service upon him, the Court directed the Clerk to send a copy of the complaint and the July 2025 Order to the New York State Attorney General's Office and requested that the New York State Attorney General's Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), attempt to ascertain the full names of the "Doe" defendant. *Id*. at 12-14.

On August 27, 2025, a representative from the New York State Attorney General's Office advised the Court of unsuccessful efforts made to obtain the identity of Corrections Officer John Doe. *See* Dkt. No. 17 ("Status Report").

By Text Order entered on September 8, 2025, the Court directed counsel to supplement the Status Report within thirty (30) days to either (1) specify the documents requested and reviewed from Adirondack Correctional Facility, or (2) include further documentation and/or information that may assist with the identification of Corrections Officer John Doe. Dkt. No. 18. On October 8, 2025, counsel filed a supplemental status report and attached to that submission certain logbook records received from Adirondack Correctional Facility from the date of the alleged wrongdoing. Dkt. No. 21 ("Supplemental Status Report").

In light of the Supplemental Status Report, the Court issued a Text Order directing plaintiff to review counsel's submission and do one of the following within thirty (30) days: (1) prepare an amended complaint which substitutes the named defendant in place of the "Doe" defendant, and makes any other changes necessary; or (2) advise the Court that she is unable to identify the "Doe" defendant based on the information provided. *See* Dkt. No. 22 ("October 2025 Order"). Although plaintiff failed to timely comply with the October 2025 Order, she filed a notice of change of address before the expiration of the 30-day deadline. See Dkt. No. 23. As a result, by Text Order entered on December 17, 2025, the Court extended plaintiff's deadline to comply with the October 2025 Text Order by thirty days. See

2

Dkt. No. 24.

On January 9, 2026, the Court received a letter from plaintiff wherein she advises the Court of her new address, states that the logbook records produced by counsel do not provide sufficient information for her to identify Corrections Officer John Doe, and further expresses the opinion that records should exist indicating (1) that plaintiff had a meeting with an OSI official on the morning of April 28, 2025, and (2) the name of the official who removed her from her cell in the "RRU" and subjected her to a pat frisk before escorting her to the "OSI meeting."  Dkt. No. 25.

## II.    ANALYSIS

An action cannot proceed until the completion of service, and unidentified defendants cannot be served.  While it is the Court's obligation to assist with service when a pro se prisoner is proceeding in forma pauperis,[1] as in this case, the Court cannot do so unless and until the pro se prisoner has provided the required documents.  *See Carpio v. Luther*, No. 06-CV-0857, 2009 WL 605300, at *1 (W.D.N.Y. Mar. 9, 2009) (acknowledging the Court's "obligation to assist a pro se incarcerated litigant . . . to cause the summons and complaint to be served" but noting further that "the plaintiff nonetheless retains the obligation to provide the necessary information" for this to occur).[2]

---

[1]  *See* Fed. R. Civ. P. 4(c)(3) (Marshals Service must be appointed to serve process when plaintiff is authorized to proceed in forma pauperis); 28 U.S.C. § 1915(d) ("[T]he officers of the court shall issue and serve all process and perform all duties in [in forma pauperis] cases."); *see also Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996) ("By granting Wright leave to pursue his § 1983 claim in forma pauperis, Magistrate Smith shifted the responsibility for serving the complaint from Wright to the court."); *Kavazanjian v. Rice*, No. 03-CV-1923, 2005 WL 1377946, at *2 (E.D.N.Y. June 6, 2005) (noting that "[f]or plaintiffs proceeding in forma pauperis . . ., the U.S. Marshal's Office—not the plaintiff—is primarily responsible for effecting service.").

[2]  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, in the absence of a showing of good cause, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Moreover, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute it, or to comply with the procedural rules or orders of the court. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).[3] This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190 (RSP/RWS), 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996).[4]

In an effort to avoid further unnecessary service delays, rather than direct counsel to produce additional information that may or may not be sufficient for plaintiff to identify defendant John Doe, the Court will add the Superintendent of Adirondak Correctional Facility as a named defendant for service and discovery purposes only.[5] In the event issue is joined, plaintiff may seek, through discovery, record evidence to assist her with identifying the remaining Doe defendant. *See Peralta v. Doe*, No. 04-CV-6559, 2005 WL 357358, at * 2 (W.D.N.Y. Jan. 24, 2005) (permitting the addition of the Superintendent to facilitate service and discovery to uncover the identities of the unknown defendants) (citing *Valentin v. Dinkins*, 121 F.3d at 76 (district court should assist pro se incarcerated litigants with their inquiry into

---

[3] It is well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. See *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

[4] Even though Rule 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint, sua sponte, for failure to prosecute. See *Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980). The correctness of a Rule 41(b) dismissal for failure to comply with an order of the court or the procedural rules of the court is determined in light of five factors: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules), (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

[5] In so doing, the Court does not suggest in any way that the Superintendent was personally involved in the Eighth Amendment claim that remains in this action.

the identities of unknown defendants and "may pursue any course that it deems appropriate to a further inquiry into the identity" of the unknown defendant)); *Dorsey v. Fischer*, No. 9:09-CV-1011 (GLS/DEP), Decision and Order (N.D.N.Y. filed Jan. 23, 2012) (sua sponte adding the Superintendent of the correctional facility where the alleged wrongdoing occurred in order to facilitate the identification of Doe defendants).  The Superintendent shall remain a defendant in this action until the "Doe" official is identified and service is completed, or it is determined by this Court that service cannot be accomplished despite a good faith effort by the Superintendent to provide the requested information.  *See Davis v. Kelly*, 160 F.3d 917, 921-22 (2d Cir. 1998) (When a prisoner does not know the identities of any of the individuals who allegedly violated his constitutional rights, it is appropriate to maintain "supervisory personnel as defendants . . . until the plaintiff has been afforded an opportunity through at least brief discovery to identify the subordinate officials who have personal liability. . . . After an opportunity for discovery, undisputed allegations that the supervisor lacked personal involvement will ultimately suffice to dismiss that official from the case, but such dismissal is premature where the opportunity to identify those involved has not yet been accorded."); *Murphy v. Goord*, 445 F. Supp. 2d 261 (W.D.N.Y. 2006) (denying superintendent's motion for judgment on the pleadings on personal involvement grounds and allowing plaintiff to proceed with discovery to identify the Doe defendants); *Brown v. Doe*, No. 96-CV-1222, 1999 WL 893070, at *2 (S.D.N.Y. Oct. 18, 1999) (deferring defendants' motion to dismiss until they have provided the requisite discovery information and materials to the pro se prisoner litigant on the grounds that "[p]laintiffs, especially pro se incarcerated plaintiffs should be given an opportunity to identify . . . unknown defendants through discovery").

### III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk is directed to add the "Superintendent of Adirondak Correctional Facility" as a defendant for purposes of service and discovery only; and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with a copy of the complaint and this Decision and Order, to the United States Marshal for service upon the Superintendent of Adirondak Correctional Facility; and it is further

**ORDERED** that the Superintendent of Adirondak Correctional Facility, or his or her counsel, notify the Court once service is completed so that a pretrial discovery and scheduling order may be issued; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff and the New York State Attorney General's Office.

**IT IS SO ORDERED**.

Dated:   January 26, 2026
            Syracuse, NY

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge